```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PAUL FETTER,<br><br>      Plaintiff,<br><br>  v.<br><br>TD BANK N.A.,<br><br>      Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 12-07862<br>(JEI/AMD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE THE ENTRY OF DEFAULT (Docket #6); AND DISMISSING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Docket #4)** |

**APPEARANCES:**

PAUL FETTER
37 N. Harrisburg Ave.
Atlantic City, New Jersey 08401
      Pro Se

DILWORTH PAXSON, LLP
By:  Brett W. Wiltsey, Esq.
    Jerry R. Desiderato, Esq.
Libertyview
457 Haddonfield Road
Suite 700
Cherry Hill, New Jersey 08002
      Counsel for Defendant TD Bank N.A.

**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon Plaintiff's Motion for Entry of Default Judgment against Defendant TD Bank N.A. (Docket #4) and Defendant's Cross Motion to Set Aside or Vacate the Clerk's Entry of Default (Docket #6), the Court having considered the parties' submissions, and it appearing that:

    (1)  This suit arises out of a series of ATM withdrawals

between September, 2011 and January, 2012, from Plaintiff's account held with Defendant TD Bank N.A. The Complaint alleges that approximately $6,421.70 was withdrawn from the account without Plaintiff's authorization and that Defendant TD Bank N.A. wrongfully failed to reimburse the Plaintiff for his monetary loss.

(2) The Complaint asserts a violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., including Regulation E of the Act, 12 C.F.R. pt. 205. Plaintiff demands actual damages in the amount of $6,421.70, "statutory damages of $1,000," and "treble damages pursuant to 15 U.S.C.A. § 1693f(e)."

(3) On March 4, 2013, upon Plaintiff's application, and a finding that the Defendant had not answered or otherwise responded to the Complaint (despite being served with the summons and Complaint on January 11, 2013) the Clerk of Court entered default against the Defendant pursuant to Fed. R. Civ. P. 55(a).

(4) On March 5, 2013, the Defendant filed an Answer with the Clerk of Court. On March 14, 2013, the Defendant filed the instant Motion to Set Aside Default and Opposition to Motion for Entry of Default Judgment.

(5) Fed. R. Civ. P. 55(c) provides, in relevant part, "[t]he court may set aside an entry of default for good cause." In exercising its discretion to set aside the entry of default, the Court considers "(1) whether setting aside the default would

prejudice the plaintiff;" "(2) whether defendant has asserted a meritorious defense;" and (3) "defendant's culpability." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *see also Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) (applying the "*Farnese* factors" and observing, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). "Any doubt should be resolved in favor of setting aside the [entry of default] so that cases may be decided on their merits." *Feliciano*, 691 F.2d at 656.[1]

    (6) In support of Defendant's Motion, defense counsel explains that Defendant failed to plead or otherwise defend due to an administrative oversight after the Complaint failed to reach the Defendant's legal counsel in a timely manner. Defendant asserts that once its legal department was made aware of the Complaint, counsel filed an Answer. The Court concludes that there is no evidence to support a conclusion that Defendant acted culpably.

    (7) Further, Plaintiff has not asserted that he will be prejudiced if default is vacated; and the Court concludes that Plaintiff will not be prejudiced.

    (8) Lastly, the Court also concludes that Defendant has

---

[1] *See generally* Wright, Miller, Kane & Marcus, 10A Fed. Prac. & Proc. Civ. § 2696 (3d Ed.) ("Rule 55(c) motions [to set aside an entry of default] are frequently granted.").

presented "at least one meritorious defense." *Farnese*, 687 F.2d at 764; *Feliciano*, 691 F.2d at 657 (requiring the presentation of at least one "*prima facie* . . . valid defense"). Defendant asserts, *inter alia*, that it has satisfied its duties under the EFTA, and may validly invoke the protections of the "bona fide error" defenses found in 15 U.S.C. §§ 1693h(c) and 1693m(c).

(9) After considering the *Farnese* factors, the Court concludes that Defendant has established good cause for setting aside the entry of default. Accordingly,

**IT IS** on this  19th  day of June, 2013,

**ORDERED THAT:**

(1) Defendant TD BANK N.A.'s Motion to set Aside the Entry of Default (Docket #6) is hereby **GRANTED**. The Clerk of Court is hereby directed to **VACATE** the default entered against Defendant TD BANK N.A.

(2) Plaintiff's Motion for Entry of Default Judgment (Docket #4) is hereby **DISMISSED AS MOOT.**

                                   s/ Joseph E. Irenas
                                  **JOSEPH E. IRENAS, S.U.S.D.J.**